DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATALIA DEMARCO FUENTES,**
Appellant,

v.

**LUXURY OUTDOOR DESIGN, INC.,** a Florida for profit corporation,
**ROBERT COGGINS,** an individual, and **ROBERT ANASTASI,**
an individual,
Appellees.

No. 4D22-332

[May 31, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan Frink, Judge; L.T. Case No. 16-15675 CACE (12).

Debbie R. Campbell of Campbell Legal Group PLLC, Coral Gables, for appellant.

No appearance for appellees.

**ON MOTION FOR CLARIFICATION**

PER CURIAM.

Upon consideration of the motion for clarification filed by the appellee, Robert Coggins, we grant the motion, withdraw the opinion filed March 8, 2023, and substitute the following opinion in its place. We note the appellant's response to the motion for clarification, deny her requests therein for clarification and for an order to show cause why sanctions should not be imposed, and deny her motion for rehearing, clarification, and written opinion.

Natalia Fuentes ("the plaintiff") appeals two orders addressing her complaint against Robert Coggins ("the defendant"): 1) the order granting dismissal of most counts, and 2) the summary judgment order disposing of the two remaining counts. She raises multiple issues on appeal but we find merit as to only one, namely her argument that the trial court erred in granting summary judgment based on her failure to respond to the

defendant's summary judgment motion. With respect to the remaining issues, we affirm without further discussion.

The plaintiff filed a complaint and then an amended complaint. The defendant filed a motion to dismiss the amended complaint, but before the hearing, the plaintiff filed a Substitute Amended Complaint. At the hearing on the motion to dismiss the amended complaint, the defendant agreed that the court could consider the motion to dismiss as directed to the Substitute Amended Complaint. After the trial court granted the motion to dismiss as to most of the counts against the defendant in the Substitute Amended Complaint,[1] he filed an answer and raised affirmative defenses and moved for summary judgment concerning the remaining counts, negligence and negligent misrepresentation. The plaintiff did not file a response to the motion.

During a hearing on the motion, the trial court observed that the plaintiff had failed to file a response and that the summary judgment rule requires the nonmovant to serve a response, including a supporting factual position, at least twenty days before the summary judgment hearing. The trial court found that "[b]ased on the failure to properly respond to the motion for summary judgment, according to amended rule 1.510(c)(5), the court has no alternative but to find that there is no dispute of the factual allegations raised by . . . [the] defendant in the motion for summary judgment," and it granted the motion.

First, we note that the motion for summary judgment quoted from and attached the first amended complaint rather than the operative complaint, which was styled as the Substitute Amended Complaint.

Second, the amended summary judgment rule, which applies here, does not provide that summary judgment may be granted based solely on the nonmovant's failure to respond. Rather, the rule provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may," among other things, "consider the fact undisputed for purposes of the motion," or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fla. R. Civ. P. 1.510(e) (2022); *see also Lloyd S. Meisels, P.A., v. Dobrofsky*, 341 So. 3d 1131, 1134-36 (Fla. 4th

---

[1] The order granting in part the motion to dismiss stated that the operative complaint was the amended complaint. This appears to be a clerical error, as the trial court ruled on the Substitute Amended Complaint, thus making it the operative complaint.

DCA 2022) (recognizing that pursuant to rule 1.510(c)(5), the requirement of filing a response is mandatory, and if one is not filed, rule 1.510(e) "provides discretionary options for the trial court," including "grant[ing] summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"). Further, the rule requires the trial court to "state on the record the reasons for granting or denying the motion." Fla. R. Civ. P. 1.510(a).

The trial court's stated reason for granting the motion was that, based on the plaintiff's failure to respond, it had "no alternative but to find that" the facts were undisputed. However, this reasoning does not support a conclusion that the defendant is entitled to summary judgment as a matter of law. In other words, this reasoning does not indicate that the court analyzed whether the "supporting materials – including the facts considered undisputed," would necessarily result in the defendant's entitlement to summary judgment based on any of the defendant's myriad arguments in support of summary judgment, nor is there any indication that the trial court considered these arguments.

To the extent the trial court believed it lacked discretion to engage in any analysis because the nonmovant failed to respond to the summary judgment motion, this was error. While the trial court may have found that the defendant, based on the undisputed facts alleged and arguments raised by the defendant in his motion, was entitled to summary judgment, that finding is not apparent from the reasons stated on the record.

Based on the foregoing, we affirm the order granting dismissal, reverse the summary judgment, and remand for further proceedings on the negligence and negligent misrepresentation counts.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER, CIKLIN and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

3